**[J-9-2025] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| CITY OF PHILADELPHIA, | : | No. 34 EAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court entered on |
| | : | December 21, 2023, at No. 1272 CD |
| v. | : | 2021, reversing and remanding the |
| | : | Order of the Court of Common Pleas |
| | : | of Philadelphia County, Civil |
| J.S., SR. AND C.S., ADMINISTRATORS | : | Division, entered on October 21, |
| OF THE ESTATE OF J.S., | : | 2021, at No. 210700175. |
| | : | |
| Appellants | : | ARGUED: September 9, 2025 |

## CONCURRING OPINION

**JUSTICE WECHT**

I concur in today's result. The sexual-abuse exception to the Political Subdivision Tort Claims Act applies to "[c]onduct which constitutes an offense enumerated under Section 5551(7)."[1] The offenses enumerated in Section 5551(7), in turn, require that "the victim was under 18 years of age at the time of the offense."[2] The Majority correctly holds that the sexual-abuse exception does not apply to the victim here, as he was an adult.

I write separately to note that it is improper for the Majority to rely upon legislative history—including floor statements from sponsors and supporters of the legislation at issue—given that the statutory provisions before us are unambiguous.[3] The Majority

---

[1]    42 Pa.C.S. § 8542(b)(9).

[2]    42 Pa.C.S. § 5551(7).

[3]    Majority Opinion at 7-9 (citing comments made by Representatives Mark Rozzi, Jim Gregory, Bryan Cutler, and Tom Murt).

claims that this legislative history, "[a]lthough not dispositive," somehow "bolster[s]" today's holding. *Id.* at 22 n. 25. This is incorrect. The legislative history is not simply non-dispositive here. It is completely irrelevant given the lack of ambiguity.[4] Because the Majority's decision could be read as endorsing the use of legislative history to guide the interpretation of an unambiguous statute, I concur only in the result.[5]

Justice Brobson joins this concurring opinion.

---

[4] *Off. of Admin. & Pa. State Police v. PSERB*, 180 A.3d 740, 752 (Pa. 2018) ("Because the language of the relevant provisions of the Retirement Code are unambiguous, we may not consider the arguments based upon legislative history[.]").

[5] I also find the Majority's frequent mention of "context" to be puzzling considering that there is no relevant statutory context worth discussing here. *See* Majority Opinion at 11 ("In determining the plain meaning of a statutory provision, we consider the statutory language in context and give words and phrases their common and approved usage." (citation omitted)); *id.* at 11-12 ("A contextual reading of statutory language requires us to look beyond the specific provision at issue and read it in the context of the overall statutory scheme, construing the statute as a whole in a manner that gives effect to all the provisions, if possible."); *id.* at 15 (stating that "the City's interpretation focuses on context," even though the City's brief does not mention "context" at all); *id.* at 17 ("Contextually, this interpretation simply makes sense."). While I agree that a statutory provision must be understood within the context of the broader statutory scheme within which it exists, that does not mean that judges can simply squint at a law, claim to discern from the overall gestalt of the statute some broad plan or design that the legislature (must surely have) had in mind, and then disregard any unambiguous language that conflicts with the judicially surmised or divined legislative plan. *Green Analytics North, LLC v. Pa. Dept. of Health*, 343 A.3d 1086, 1100 (Pa. 2025) (Wecht, J., dissenting) ("'Context' is not a license to contravene the plain language of the statute."). To the extent that the Majority endorses such unrestrained contextualism, my view differs. *See* Majority Opinion at 15 (saying that "the City's interpretation focuses on context," but then discussing "the overriding policy and purpose" of the PSTCA).